# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: ) | **JUDGE RICHARD L. SPEER** |
| Wallace/Barbara Damask ) | Case No. 12-3018 |
| Debtor(s) ) | (Related Case: 11-36490) |
| Wallace Damask, et al ) | |
| Plaintiff(s) ) | |
| v. ) | |
| RDJS Property, et al ) | |
| Defendant(s) ) | |

## DECISION AND ORDER

This cause comes before the Court on the Defendants' Motion for Sanctions. (Doc. No. 23). For their Motion for Sanctions, the Defendants, citing to Bankruptcy Rule 9011(c)(2), seek "an award of the attorney's fees spent defending this matter." *Id.* The Plaintiffs filed a Memorandum in Opposition to the Defendants' Motion for Sanctions, objecting to the entry of any award of attorney fees. (Doc. No. 26). After holding a Hearing on the matter, the Court deferred ruling on the Defendants' Motion for Sanctions so as to afford the time to consider the respective positions put forth by the Parties. The Court has now had this opportunity and, for the reasons now explained, finds that the Defendants' Motion for Sanctions should be Denied.

## BACKGROUND

On December 6, 2011, the Plaintiffs filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. Prior to seeking bankruptcy relief, the Defendants leased real property to the Plaintiffs in their individual capacities, as well as to business entities controlled

directly by the Plaintiffs. Based upon certain postpetition conduct of the Defendants to regain possession of their leased properties – particularly, the conduct of a Mr. Eidi, the only Defendant in this proceeding who is an individual – the Plaintiff brought an adversary action in this Court for a violation for the automatic stay, 11 U.S.C. § 362(a).

Once their complaint for a violation of the automatic stay was commenced, the Parties conducted discovery. Thereafter, the Parties filed Cross Motions for Summary Judgment. On the Parties' Motions for Summary Judgment, the Court entered a "Decision and Order" on August 29, 2012. (Doc. No. 22). In the "Decision and Order,"[1] the Court found in favor of the Defendants, granting their Motion for Summary Judgment and denying the Plaintiffs' Motion for Summary Judgment. The Defendants thereafter commenced their Motion for Sanctions. (Doc. No. 23).

## DISCUSSION

In the matter before the Court, the Defendants ask the Court to "enter an order as a sanction for violation of Bankruptcy Rule 9011 against plaintiffs' counsel directing that counsel pay defendants' reasonable attorney's fees and related expenses involved in the defense of the adversary complaint brought against defendants in this case." (Doc. No. 23, at pg.3). A motion for sanctions brought against an attorney pursuant to Federal Rule of Bankruptcy Procedure 9011 is a core proceeding under 28 U.S.C. § 157(b)(1). Accordingly, this Court has the jurisdictional authority to enter final orders and judgments in this matter. *Id.*

Bankruptcy Rule 9011, which the Defendants cite as the basis for the Court to impose sanctions upon Plaintiffs' legal counsel, is modeled on Rule 11 of the Federal Rules of Civil Procedure. *Maloof v. Level Propane Gasses, Inc.*, 316 Fed. Appx. 373, 376 (6th Cir.2008). In paragraph (a), the Rule begins by providing: "Every petition, pleading, written motion, and other

---

[1] The factual circumstances giving rise to the controversy between the Parties are more fully set forth in this prior "Decision and Order, " and will not be repeated here.

Page 2

paper, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name." FED.R.BANKR.P. 9011(a). Bankruptcy Rule 9011 then goes on to provide that by signing a paper filed with the Court, the attorney makes certain representations.

The type and character of the representations made by a signing attorney are set forth in paragraph (b) of Rule 9011. Four categories of representations are specified in paragraph (b). An attorney who is found to have violated any one of the four categories specified in paragraph (b) is subject to sanctions. FED.R.BANKR.P. 9011(c).

As the basis for an award of sanctions, the Defendants cite to the first two categories of representations set forth in Bankruptcy Rule 9011(b) which provide:

> (b) Representations to the court
>
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>>
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law[.]

FED.R.BANKR.P. 9011(b). For these provisions, the party moving for sanctions carries the burden of proof. *In re McLean Wine Co., Inc.*, 463 B.R. 838, 857 (Bankr. E.D.Mich.2011). In assessing this burden, any doubt should be resolved in favor of the party against whom sanctions are sought. *In re Shelton*, 428 B.R. 457, 460 (Bankr. N.D.Ohio 2010).

Page 3

Wallace Damask, et al v. RDJS Property, et al
Case No. 12-3018

As the basis for their position, that the representations made by Plaintiffs' legal counsel do not comply with subparagraphs (1) and (2) of Bankruptcy Rule 9011(b), the Defendants contend:

> Counsel for plaintiffs was not only aware that the facts of the case would not support plaintiffs' claims against these defendants, but was obstinate in the face of the record on discovery that established that the facts in this case would not support plaintiffs' claim. The filing and prosecution of the adversary proceeding was itself designed to punish defendants for what plaintiffs saw as offensive behavior. Regardless of how they viewed defendants' behavior, they have no right to abuse the legal process by prosecuting a claim upon grounds that do not exist or based upon circumstances for which the law provides no remedy.

(Doc. No. 23, at pg. 3).

Bankruptcy Rule 9011 imposes an objective "reasonable inquiry" standard upon attorneys. *Forbes v. Dixon (In re Dixon)*, No. 91–6427, 1992 WL 233900, at *2 (6th Cir. Sept. 22, 1992) (unpublished opinion). For this standard, it has been remarked that "Rule 11 requires lawyers to think first and file later, on pain of personal liability." *Stewart v. RCA Corp.*, 790 F.2d 624, 633 (7th Cir.1986). For example, an attorney may not file suit hoping that discovery will later show that a claim was proper. *Southern Leasing, Ltd. Partners v. McMullan*, 801 F.2d 783, 788 (5th Cir.1988).

According to its terms, the objective inquiry analysis of Bankruptcy Rule 9011 is to be assessed by reference to the reasonableness of the attorney's actions "under the circumstances." In applying this test, the bankruptcy court should not rely on the benefit of hindsight, but rather should assess the party's conduct by what was reasonable to believe at the time the motion was submitted. *In re Downs*, 103 F.3d 472, 481 (6th Cir.1996).

In this matter, the Court cannot discern anything objectively unreasonable with the conduct of Plaintiff's legal counsel, whether in first bringing an action for a violation of the automatic stay of § 362, prosecuting their Motion for Summary Judgment on their § 362 claim or in defending against the Defendants' Motion for Summary Judgment. The legal and factual conclusions, as

Page 4

Wallace Damask, et al v. RDJS Property, et al
Case No. 12-3018

reached by the Court in its "Decision and Order" on the Parties' respective Motions for Summary Judgment, form the basis for this conclusion.

First, in the "Decision and Order," the Court found that, as set forth in the Plaintiffs' Complaint, the Defendants' actions did give rise to a violation of the automatic stay of § 362. The Plaintiffs' Complaint, thus, rested on solid factual underpinnings, thereby undermining the Defendants' position that the Plaintiffs commenced their action to "punish defendants."

To be sure, the Court ultimately denied recovery to the Plaintiffs, largely because the stay violations found to exist were directed at property of the estate, making the bankruptcy trustee, not the Plaintiffs, the proper party to assert such a cause of action. As stated in this Court's decision: "based on a debtor's limited interest in estate property, it is generally recognized that only the trustee has standing to assert claims for a violation of the stay concerning property of the estate." (Doc. No. 22, at pg. 12).

At the same time, no controlling precedent yet exists holding that a Chapter 7 debtor has no standing to pursue a stay violation with respect to estate property. To the contrary, as this Court noted in its Decision: "Where a debtor has asserted an exemption in estate property, some courts have tempered this restriction on standing, and allowed a debtor to pursue a claim for damages for a stay violation." *Id.*, at pg. 13. As such, it does not strike the Court as unreasonable to test such matters on summary judgment. *See Westlake N. Prop. Owners Ass'n v. City of Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir. 1990) (declining to impose Rule 11 sanctions where law was unsettled). Therefore, when viewed from this perspective, the Plaintiffs' actions cannot be said to be objectively unreasonable within the meaning of Bankruptcy Rule 9011(b)(2) which, as set forth, requires that a claim be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

The solid factual basis for the Plaintiffs' complaint is also supported by this Court's observations regarding the postpetition contact between the Defendant, Mr. Eidi, and the Plaintiff,

Page 5

Wallace Damask, et al v. RDJS Property, et al
Case No. 12-3018

Mrs. Damask. First, this Court noted that in assessing whether, as applied to § 362(a)(6), "Mr. Eidi's personal contacts with Mrs. Damask give rise to a stay violation, it is evident to the Court that Mr. Eidi charted a course fraught with peril." (Doc. No. 22, at pg. 15). The Court then further stated: "There is simply no way to sugarcoat Mr. Eidi's conduct, with it being readily discernable that Mr. Eidi's actions were undertaken toward one end: To pressure the Plaintiffs into expeditiously vacating their leased properties." *Id.* Although in the final analysis, the Court found that no stay violation existed, the Court concluded its analysis under § 362(a)(6) by observing that Mr. Eidi's conduct "approached the edge" of constituting a violation of the automatic stay. *Id.*

These findings of the Court certainly evidence that any competent attorney, assessing the Plaintiffs' case, could reasonably conclude that the Plaintiffs had a viable claim under § 362(a). Accordingly, there is no firm basis for the Court to conclude that, as applied to Bankruptcy Rule 9011(b)(1), *supra*, the Plaintiffs' action for a stay violation was "presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The fact that summary judgment was ultimately entered against the Plaintiffs does not diminish the reasonableness of the legal course charted by Plaintiffs' legal counsel.

The purpose of Bankruptcy Rule 9011 is to deter baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). As such, the fact that a plaintiff's attorney is aware of a strong, and possibly wining, defense does not, as the position espoused by the Defendants seems to suggest, require the imposition of sanctions under Bankruptcy rule 9011. *Mihalik v. Pro Arts, Inc.*, 851 F.2d 790, 794 (6th Cir. 1988). In this regard, the question is not whether a party wins or loses, but whether an attorney's actions were objectively reasonable under the circumstances. *Id.*

In sum, the factual and legal circumstances in this case presented for the Plaintiffs a viable claim for a violation of the stay against the Defendant. Thus, the imposition of sanctions against Plaintiffs' legal counsel is not warranted in this matter. In reaching the conclusions found herein, the

Page 6

Wallace Damask, et al v. RDJS Property, et al
Case No. 12-3018

Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Defendants' Motion for Sanctions, be, and is hereby, DENIED.

Dated: November 26, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 26th day of November, 2012 to:

Wallace T. Damask
6725 W Central Ave. Suite U
Toledo, OH 43606

Barbara A. Damask
4127 North Lockwood
Toledo, OH 43612

Fire Creek Plaza, LLC
6725 W. Central Ave., Ste. U
Toledo, OH 43606

Ramy Eidi
6725 W. Central Ave., Ste. U
Toledo, OH. 43606

Matthew B. Bryant
3361 Executive Parkway
Toledo, OH 43606

RDJS Property Management
6725 W. Central Ave., Ste. U
Toledo, OH 43606

Clock Tower Plaza, LLC
6725 W. Central Ave., Ste. U
Toledo, OH 43606

Eidi Properties
6725 W. Central Ave., Ste. U
Toledo, OH 43606

Randall C. Dixon
3361 Executive Parkway
Toledo, OH 43606

Howard B. Hershman
One SeaGate, #1645
Toledo, OH 43604-1584


/s/ Teresa McBee
Deputy Clerk, U.S. Bankruptcy Court